IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD TROUTMAN, )
                      Petitioner, )
                               )
    vs.                              )    Civil Action No. 1:16-cv-266
                               )    Chief Magistrate Judge Maureen P. Kelly
COMMONWEALTH OF )
PENNSYLVANIA; DISTRICT )
ATTORNEY OF ALLEGHENY COUNTY; )
MICHAEL CLARK, Superintendent of )
SCI-Albion, )
                               )
                     Respondents. )

## **OPINION**

Donald Troutman ("Petitioner"), a state prisoner, has filed a "Petition for Federal Habeas Corpus" (the "Petition"), challenging his convictions for raping his minor daughter. Because the Petition was not filed within one year of his conviction becoming final, the Petition will be dismissed as time-barred.

## I. PROCEDURAL HISTORY

On November 8, 2016, Petitioner submitted the Petition to the Clerk's Office. ECF No. 1. The Court entered a Deficiency Order, directing Petitioner to utilize the form Section 2254 Petition which is provided by the Clerk's Office. ECF No. 2. Petitioner complied and filed a corrected Petition (the "Corrected Petition"). ECF No. 5. The Corrected Petition raised the following multiple claims under Ground One:

> GROUND ONE: MY RIGHT TO A SPEEDY TRIAL (RULE 600)
> MY RIGHT TO A FAIR, UNPREJUDICE [sic] AND BIAS TRIAL
> MY COUNSEL WAS INEFFECTIVELY SUGGESTING BENCH TRIAL VS.
> JURY TRIAL

> MEDICAL REPORTS AND/OR MEDICAL EXPERT EXAMINER NOT SUPOENA [sic] TO TRIAL
> EVIDENCE DID NOT SUPPORT THE VERDICT
> THE VICTIM'S STATEMENT WAS INCONSISTENT OR INADEQUATE CONCERNING SAID CRIME.
> MY JUDGE RULING ON ADMENDING [sic] DATE/YEAR OF CRIME, DISMISSING/DROPPING AND INEFFECTIVE ASSISTANCE OF COUNSEL HAD VS MY ORIGINAL COUNSEL HAD TO WITHDRAW FROM CASE.

ECF No. 5 at 6.

After requesting two extensions of time, ECF Nos. 13 and 15, which were granted, ECF Nos. 14 and 16, Respondents filed a Motion to Dismiss, based upon the Petition being time-barred. ECF No. 17. The Court ordered Petitioner to file a Response to the Motion to Dismiss no later than May 15, 2017. ECF No. 18. To date, Petitioner has not filed a response as ordered despite the deadline for the response having passed.

All parties have consented to the plenary exercise of jurisdiction by the Magistrate Judge. ECF Nos. 10, 12.

## II. THE PETITION IS TIME-BARRED.

### A. The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents correctly pointed out that this Petition is untimely under the AEDPA. The AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final. Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. The Calculation of the Time to File Petition**

Petitioner was found guilty of all twelve counts[1] on October 5, 2009 and was sentenced on March 22, 2010 to serve 7 ½ to 15 years. Petitioner, through counsel, filed an appeal on June 23, 2010. The Superior Court affirmed the conviction on June 14, 2011. ECF No. 17-2 at 34 – 44. Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. Accordingly, Petitioner's conviction became final 30 days after June 14, 2011, i.e., July 14, 2011. Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

As provided by the AEDPA, Petitioner only had until July 14, 2012, i.e., one year after July 14, 2011, which is the date his conviction became final in which to file his habeas Petition in federal court attacking deficiencies in his conviction/sentence. Petitioner did not initiate the instant proceedings in this Court, until, at the earliest, November 3, 2016, which is the date of the mailing of his Petition. ECF No. 1- 1.

Accordingly, Petitioner's Petition is late by more than four years and, therefore, clearly violates the AEDPA one year statute of limitations.

It is true that pursuant to 28 U.S.C. § 2244(d)(2), the filing of a timely Post Conviction Relief Act ("PCRA") Petition and its pendency tolls the running of the AEDPA statute of limitations. In this case, however, Respondents assert that Petitioner did not file anything in state court until June 24, 2014, when he filed a Motion for Transcripts, ECF No. 17-2 at 70 – 72,

---

[1] The twelve counts included: two counts of incest, two counts of rape of a child, two counts of statutory sexual assault, two counts of sexual assault, two counts of endangering the welfare of children, and two counts of corruption of minors. ECF No. 17 at 1-2.

4

which was nearly two years after his AEDPA statute of limitations had already run. On January 21, 2016, Petitioner filed a second Motion for Transcripts. Id. at 65 – 69. The Court of Common Pleas of Allegheny County appointed counsel for Petitioner, and counsel filed a no-merit letter on December 22, 2016, concluding that Petitioner's filings were barred under state law as violating the PCRA one-year statute of limitations. On January 4, 2017, the Court of Common Pleas issued a Notice of Intent to Dismiss Petitioner's filings. Id. at 87. Petitioner did not file a response. We take judicial notice of the fact that apparently, no final order dismissing Petitioner's case in state court was filed.[2, 3]

---

[2] The docket of Petitioner's criminal case including post-conviction proceedings is available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0004416-2007

(site last visited 5/26/2017).

While the pendency of Petitioner's January 21, 2016 Motion for Transcripts (apparently treated as a PCRA Petition) in state court may technically mean that Petitioner has not yet fully exhausted his state court remedies, this Court can nevertheless dismiss the Petition. 28 U.S.C.A. § 2254 (b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[3] We note that PCRA Counsel, Attorney Alan R. Patterson III, in his Turner/Finley letter recounts the existence of a letter from Petitioner, which Attorney Patterson found in the state court record that complains of Petitioner being subjected to a lifetime reporting requirement under the version of Megan's law then in effect in Pennsylvania. ECF No. 17-2 at 60 n.5. Attorney Patterson explains that the letter is not docketed and he found it in the record. We were not able to locate such a letter in the original state court record sent to this Court. In the Turner/Finley letter, Attorney Patterson explains why such a claim contained in the undocketed letter, attacking registration requirements is not cognizable in a PCRA Petition, based upon the claim not attacking the conviction or the actual sentence. Id. at 61 – 63. We find under Pennsylvania law, such a letter/filing by Petitioner is not properly considered a PCRA Petition. Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("because Appellant's pro se filing does not request relief contemplated by the PCRA, the trial court was correct to treat

(…footnote continued)

In light of the foregoing, we find that the Petition is time-barred. We further note that Petitioner did not file a response to the Motion to Dismiss as he was ordered to do. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *overruling on other grounds recognized in*, United States v. Davis, 508 F. App'x 606, 609 (9th Cir. 2013); Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir.2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

---

Appellant's filing as a post-sentence motion and not a PCRA petition. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (holding that a filing which requests relief outside the PCRA will not be treated as a collateral petition)."); Commonwealth v. Price, 876 A.2d 988, 995 (Pa. Super. 2005) ("Appellant directly challenges the sufficiency of the evidence to support his SVP classification and seeks removal of the collateral consequences of his guilty plea conviction under Megan's Law II. *See Williams, supra; Benner, supra; Leidig, supra*. Therefore, Appellant's first issue as presented is not a cognizable claim under the PCRA."). Given that a challenge to Petitioner's designation as a sexually violent predator with its consequent requirement of lifetime registration, is not cognizable under the PCRA, we find that irrespective of what date Petitioner signed the letter challenging his lifetime registration requirement, the letter doing so, cannot constitute a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2). Nor do we find that the letter merits any equitable tolling as its filing in no way prevented Petitioner from timely filing his Petition in this Court. Accordingly, Petitioner's undocketed letter challenging the lifetime registration requirement has no impact on the conclusion that Petitioner's Petition herein violates the AEDPA statute of limitations. Respondents do not address this issue.

## C. Actual Innocence Exception to the AEDPA Statute of Limitations

While Petitioner did not file a response to the Motion to Dismiss, he may have been aware of the AEDPA statute of limitations and he may have invoked the so-called "actual innocence" exception to the AEDPA statute of limitations in the Petition and the Corrected Petition. ECF No. 1 at 1; ECF No. 5 at 14 – 15.

The United States Supreme Court has held that there is an "actual innocence" exception to the AEDPA statute of limitations. McQuiggen v. Perkins, 133 S.Ct. 1924 (2013). In McQuiggen, the Supreme Court declared:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 1928. In order to successfully invoke the "actual innocence" exception, which is also known as, the "miscarriage of justice" exception[4] a petitioner must:

> satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported

---

[4] Lenhart v. Rozum, Civ.A. No. 10–218J, 2014 WL 807995, at *16 (W.D. Pa., Feb. 28, 2014) ("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.'") (quoting, United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)).

> with new reliable evidence not available at trial. *Schlup*, 513 U.S. at 327-28. Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001), cert. denied, 498 U.S. 881 (2001). It is not enough that in light of the new evidence a reasonable doubt may exist as to the Petitioner's guilt, the test is even more onerous than that. In Schlup, the Supreme Court reiterated that "[t]he meaning of actual innocence as formulated by *Sawyer* and *Carrier* does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Schlup v. Delo, 513 U.S. 298, 329 (1995).

Petitioner offers no new evidence of actual innocence. At most, he argues that the evidence introduced at his bench trial was insufficient. ECF No. 1 at 2 ("If the evidence is insufficient, then that means that there was not enough evidence to find you guilty which essentially means you are 'actually innocent.[']"). An argument that there was insufficient evidence to convict one is not adequate to carry one's burden under McQuiggen to establish one is actually innocent of the crimes of conviction. See, e.g., United States v. Brown, No. 15-251, 2016 WL 613843, at *2 (S.D. Tex. Feb. 15, 2016), *appeal dismissed* (June 7, 2016) ("Brown claims his late filing is excused because he is actually innocent. Actual innocence means factual innocence, not insufficiency of the evidence.") (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

Accordingly, Petitioner fails to carry his burden to establish the "actual innocence" exception to the AEDPA statute of limitations.

8

### D. Petitioner is Not Entitled to Equitable Tolling.

The doctrine of equitable tolling applies to AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two things: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his

control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence **throughout the period he seeks to toll**." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (emphasis added) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). In this case, Petitioner would have to show entitlement to equitable tolling for roughly four years.

Petitioner fails to carry his burden to show entitlement to equitable tolling, as Respondents point out. ECF No. 17 at 9 – 11. In the portion of the Corrected Petition, where Petitioner is asked to address the AEDPA statute of limitations, Petitioner does offer a number of claims about him being unfairly convicted and ineffective assistance of counsel and an unfair trial. ECF No. 5 at 14-15. However, Petitioner fails to relate how such circumstances caused him to file the Petition out of time. He fails to explain why he was able to file the Petition when he did but he was not capable of doing so earlier, notwithstanding all of his enumerated circumstances, which existed long before he filed the Petition and apparently continued to exist

after the filing of the Petition.

We note that Petitioner mentions in passing that he was "blind." ECF No. 5 at 14. However, Petitioner fails to relate his state of being "blind" with any explanation of how this affected the timeliness of his habeas petition. Nor does he explain notwithstanding his blindness, why he was able to file the current Petition when he did and why he could not have filed it earlier. Such unexplained mention of blindness is not sufficient to carry Petitioner's burden to show entitlement to equitable tolling. See, e.g., Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017) ("Martin has not alleged that his disability was so severe that it precluded him from filing court documents or seeking the assistance of others to do so."); United States v. Brittain, 41 F. App'x 246, 249 (10th Cir. 2002) ("Moreover, he has not explained in what way his prison transfers actually made it impossible for him to file on time, or to describe how the deficiencies in the legal materials available to him were inadequate in view of his visual impairment.").

Lastly, Petitioner also claims in a letter addressed to Magistrate Judge Susan Paradise-Baxter, which was attached to the Corrected Petition that he was not highly educated and he is not able to understand fully case law in order to properly argue his case. ECF No. 5 at 17. However, even being virtually illiterate does not serve to excuse an untimely filing. Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 751 (6th Cir. 2011) (pro se status and lack of knowledge of law are not sufficient to constitute extraordinary circumstances and excuse late filing); Wilson v. Stickman, Civ. A. Nos. 03–699, 03–953, 2005 WL 1712385, *3 (E.D.Pa. July 21, 2005) (concluding that a habeas petitioner's "virtual illiteracy" did not warrant equitable tolling). Accordingly, we find that Petitioner has failed to carry his heavy burden to show entitlement to equitable tolling.

For the foregoing reasons, the Petition is untimely filed and must be dismissed as such. Respondents' Motion to Dismiss is GRANTED and the Petition is DISMISSED as untimely filed.

## III. CERTIFICATE OF APPEALABILITY

Because jurists of reason would not find the foregoing debatable, a certificate of appealability is DENIED.

BY THE COURT:

Date: May 26, 2017

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: DONALD TROUTMAN
JM-0287
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475-0002

All counsel of record via ECF